No. 91-548

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

NORMAN R. SILVERMAN,

Petitioner and Appellant,

and

MARCIA M. SILVERMAN,

Respondent and Respondent.

**FILED**

AUG 2 0 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Craig R. Buehler, Attorney at Law, Lewistown,
Montana

For Respondent:

Torger S. Oaas, Attorney at Law, Lewistown, Montana

Submitted on Briefs: April 23, 1992

Decided: August 20, 1992

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Norman Silverman appeals the decree of the Tenth Judicial District Court, Fergus County, which divided the marital estate and awarded maintenance to Marcia Silverman. We affirm in part and reverse in part.

The issues on appeal are:

1. Did the District Court err in its determination of the value of the marital estate?

2. Did the District Court err when it awarded maintenance to Marcia?

3. Did the District Court err it when refused to enforce a property settlement agreed to by the parties prior to the hearing?

The parties were married on June 28, 1986. At the time of the marriage, Norman was a physician employed as a consultant in radiology development in Reno, Nevada. Marcia was employed in the sales of radiological and other diagnostic equipment.

The parties separated in July 1990, and a petition for dissolution was filed. During the marriage, the parties acquired numerous assets. At the time that the dissolution hearing took place, the parties owned three houses in Montana and one in Phoenix, Arizona. The court, in its order, determined that the gross value of the estate was $903,000, and the estate's debt was $728,000, leaving a net value of $175,000. Norman was ordered to give Marcia half of that amount, less the $15,000 she had already received, or $72,500.

2

Norman disagrees with the evaluation of the debt. He claims that the debt on the Suburban, a garden tractor, and taxes, which was equal to $25,700, was not included in arriving at the net assets. He contends that by failing to include that $25,700 worth of debt, the District Court inaccurately calculated the parties' net worth, and thereafter, the rest of its analysis became clearly erroneous.

Marcia does not disagree with Norman's contention that the lower court failed to include the debt on the Suburban and the tractor, but disagrees with Norman's contention that there was proof of additional tax debt. In its ruling, the District Court included $100,000 of unmatured 1990 federal and state income tax debt as part of the marital debt. She contends, and we agree, that because of the equivocal nature of the evidence, the court's estimation was not clearly erroneous. However, in light of her agreement that the District Court erred by failing to consider the debt on the Suburban and the tractor, we hereby modify Marcia's property settlement award, decreasing it by $7,850, or one-half of the debt owed for the vehicles.

Norman further contends that the court included money which had been placed into the pension plan prior to the marriage in arriving at its value. However, the District Court's memorandum clearly states that it addressed the issue and concluded that all but a $16,000 contribution to the retirement plan was made during the marriage. The court included the $16,000 in the marital estate

3

to offset equity in the Phoenix home that Marcia had acquired prior to the marriage. We conclude that there was no abuse of discretion when the court included the pension plan in the marital estate.

Norman next contends that the court erred in holding that Marcia was entitled to maintenance. He states that maintenance was not even requested by Marcia in her proposed findings and conclusions and was not justified by the evidence presented. He claims it was error because the court failed to find that Marcia lacked sufficient property to provide for her reasonable needs, or that she was unable to support herself through her employment. He points out that the reasons given by the court, which were Marcia's moving expenses, repairs to the property in Phoenix, and reduced employment opportunities, are not provided for in § 40-4-203, MCA, the statute pertaining to maintenance. He argues that maintenance is not favored in Montana, that the needs of the spouse are to be provided for by distribution of property, which he claims was done, and thus maintenance was not warranted in this case.

Section 40-4-203, MCA, requires that the court find that a spouse lacks sufficient property to provide for her reasonable needs or is unable to support herself through appropriate employment. The court made no such finding in this case. At the time of the hearing, the court found that Marcia was earning approximately $28,000 per year, with additional commissions possible. In addition, she received $400 per month for auto expenses. It is not apparent from the findings that the threshold

4

requirements of § 40-4-203(1)(a) and (b), MCA, were considered in this case. Therefore, the award of maintenance is vacated and this case is remanded for consideration of those requirements.

Norman next contends that the court erred in rejecting an alleged property settlement agreement signed by the parties prior to the hearing. That agreement stated that Marcia was to receive a single lump sum payment of $57,500, rather than the $72,500 the court ordered, and no maintenance was to be awarded. On January 7, 1991, following an evidentiary hearing and submission of briefs, the District Court entered an order denying Norman's motion to enforce that agreement. Norman contends that the District Court erred in denying his motion to enforce the agreement. However, he has failed to include the transcript of the proceeding, as required under Rule 9(b), M.R.App.P. We decline to review the issue in the absence of a transcript.

The judgment of the District Court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_John Conway Harrison_

_R. C. McDonough_

_Karla M. Gray_

_____

Justices

August 20, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Craig R. Buehler
Attorney at Law
505 W. Main St., Ste. 210
Lewistown, MT   59457

Torger S. Oaas
Attorney at Law
P.O. Box 76
Lewistown, MT   59457

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA
BY: _____
      Deputy